FILED
SUPERIOR COURT
OF GUAM

2020 MAY 12 PM 3: 53

CLERK OF COURT
BY:_____

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DAVID MEREDITH,<br><br>Plaintiff,<br><br>vs.<br><br>YUCHEN JESSICA WANG,<br><br>Defendant. | Superior Court Case No. **DM0435-18**<br><br>**DECISION AND ORDER RE PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY AND DEFENDANT'S MOTION FOR ORDER IN LIMINE TO BAR PLAINTIFF FROM OFFERING ANY EXPERT TESTIMONY** |

The Court here considers Plaintiff David Meredith's Motion in Limine to Exclude Expert Testimony and Defendant Yuchen Jessica Wang's Motion for Order in Limine to Bar Plaintiff David Meredith from Offering Any Expert Testimony. Having considered the parties' arguments and applicable law, the Court DENIES Meredith's Motion and GRANTS IN PART Wang's Motion.

## I.   PROCEDURAL BACKGROUND

This case concerns the parties' dissolution of marriage and eventual distribution of property. Prior to the parties' trial date, Meredith seeks to exclude Wang's expert, Certified Public Accountant David J. Burger, from testifying at trial pursuant to Guam Rule of Evidence 702. Wang similarly seeks to exclude Meredith from testifying as an expert at trial pursuant to Guam Rules of Evidence 701 and 702.

## II.   LAW AND DISCUSSION

Under Guam Rule of Evidence 702,

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

The Supreme Court of Guam has interpreted Rule 702 to require that a court determine "(1) whether the witness is qualified via knowledge, skill, experience, training, or education; and (2) whether the witness' testimony will assist the trier of fact" before allowing a person to testify as an expert. *In re N.A.*, 2001 Guam 7 ¶ 34. Courts interpret the first prong liberally, but "at a minimum, a proffered expert witness... must possess skill or knowledge greater than the average layman...." *Waldorf v. Shuta*, 142 F.3d 601, 625 (3d Cir. 1998) (quotations and citations omitted); *see also People v. Roten*, 2012 Guam 3 ¶ 28 (holding that "all you need to be an expert witness is a body of specialized knowledge that can be helpful to the jury").

To satisfy Rule 702's second prong, an expert witness' testimony must be both relevant and reliable. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 579 (1993). A court may look to various factors to determine the reliability of an expert's methodology: testing, peer review, error rates, and "acceptability" in the relevant scientific community. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999). No one factor is conclusive, nor is each factor applicable in every case. *Id.*

### A. Burger is Qualified to Testify as an Expert Witness.

Meredith seeks to exclude Burger's testimony on the basis that he is unqualified and his testimony will not assist the trier of fact to understand the evidence. Burger is allegedly unqualified to testify because he is not certified in the field of forensic accounting and has no

experience with international or expatriate tax issues. Pl.'s Mot. at 5 (Nov. 26, 2019). Furthermore, "his testimony is unreliable because it [is] not based on sufficient facts, he does [not] apply any methodologies in making his conclusions, and his CPA credential alone is insufficient to make any of his opinions scientific and admissible under *Daubert*." Pl.'s Mot. at 2. Because of these lack of qualifications, his testimony does not assist the trier of fact to understand the evidence.

Seeking to wholesale exclude Burger as an expert based on his lack of qualifications as a forensic accountant is not justified under Rule 702. Based on his resume, CPA accreditation, and past experience testifying on accounting matters, Burger has specialized knowledge that qualifies him as an expert on accounting. That expertise allows him to testify about the discrepancies he sees in the parties' tax statements and financial documents.

That expertise in accounting does not necessarily qualify him to testify as a forensic accountant expert or to testify on international or expatriate tax issues as those issues may deal with even more specialized fields of accounting. As pointed out by Meredith, Burger does not have the American Institute of Certified Public Accountant's Certified in Financial Forensics credential to demonstrate a specialty in forensic accounting. However, Black's Law Dictionary defines 'forensic' as "used in or suitable to courts of law or public debate" and the AICPA follows that definition. FORENSIC, Black's Law Dictionary (11th ed. 2019); *see also* AICPA Statement on Standards for Forensic Services https://www.aicpa.org/content/dam/aicpa/ interestareas/forensicandvaluation/resources/standards/downloadabledocuments/ssfs-no-1.pdf. Black's Law Dictionary also expressly defines "forensic accounting" as "[t]he application of accountancy principles to monetary issues that arise in courts, as in the apportionment of funds

and of financial responsibilities upon a divorce or dissolution of a partnership." FORENSIC ACCOUNTING, Black's Law Dictionary (11th ed. 2019).

Based on those definitions, Burger has experience applying his accounting skills in courts of law and for litigation purposes in Guam, the CNMI, and Saipan, demonstrating an expertise in forensic accounting. As such, the Court finds Burger qualifies as an expert witness in forensic accounting.[1]

The Court must now determine whether Burger's testimony is relevant and reliable. Meredith argues that Burger's report is based on insufficient facts and data, that his conclusions are not the product of applied specialized knowledge, and that he improperly opines on the reliability of other witnesses. Pl.'s Mot. at 6-10. Addressing Meredith's first concern, Burger states that his conclusions are based on a review of the parties' tax transcripts and/or income tax returns for the years 2008 to 2018 but admits that "[f]or some of the years, there are some substantial differences between the details on the transcript and the summary totals on the transcripts such that we have insufficient information to determine what is included in taxable income." Pl.'s Mot., Ex. A. Wang argues that although Burger lacks certain facts and data due to Meredith's delay in providing the relevant financial documents, his testimony is still based on sufficient facts and data. Def.'s Opp'n at 11. The Court agrees. Burger's expertise not only helps him analyze the financial documents and information in his possession, but it also gives him the ability to determine the information and documents he is missing and account for those discrepancies.

---

[1] Meredith also argues that Burger is not qualified to give an expert opinion on international or expatriate tax issues. Wang did not argue that Burger was qualified to testify on these issues, but instead contended that his lack of experience with these issues did not disqualify him as a forensic expert. The Court agrees and notes Burger's limited qualifications on testifying about these issues if they arise.

As to his methodology, Burger states that his conclusions are calculated "with a reasonable degree of accounting certainty and to the best of my ability with the information presented...." Pl.'s Mot., Ex. A at 2. However, an "expert's bald assurance of validity is not enough. Rather, the party presenting the expert must show that the expert's findings are based on sound science...." *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1316 (9th Cir. 1995).

In reviewing Burger's report, the Court cannot determine what technique or theory he used to arrive at his conclusions beyond his assertion of "accounting certainty." This is not sufficient. "Accounting certainty" does not give the Court a sufficient framework to analyze Burger's report's reliability i.e. to see if his methodology has been tested, peer reviewed, and so on.

However, the Court cannot say that Burger's methodology "suffer[s] from serious methodological flaws" sufficient to exclude his report at this juncture. *Obrey v. Johnson*, 400 F.3d 691, 696 (9th Cir. 2005). The evidence of calculations in his report shows Burger used some sort of methodology; the Court simply does not have enough information to determine which methodology. Burger's report therefore seems to suffer in *articulating* his methodology, not necessarily in using an unreliable accounting method.

Because "[a] motion in limine should only be granted where the evidence is clearly inadmissible for any purpose" and trial courts have considerable discretion to admit or exclude evidence under Rule 702, the Court defers a ruling on the admissibility of Burger's report until trial "so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Thomas v. Sheahan*, 514 F. Supp. 2d 1083, 1087 (N.D. Ill. 2007) (quotations and citations omitted); *In re N.A.*, 2001 Guam 7 ¶ 45. If deemed reliable at trial, the Court is inclined

to find Burger's report relevant to the case at hand since it provides insight and an explanation into the parties' financial picture, thereby assisting the trier of fact in distributing the parties' property at the time of divorce.

### B.  Mr. Meredith Will Not Testify as an Expert Witness.

As a threshold matter, because the parties agree that Meredith will not testify as an expert witness, the Court excludes Meredith from testifying as an expert at trial.

Wang, however, seeks further assurances that Meredith will not offer "any opinion testimony based on specialized knowledge and not merely personal observation." Def.'s Reply at 2 (Jan. 7, 2020). She cites to his "prior questionable testimony... regarding tax indemnity, foreign income exclusion, and the process of foreigners owning land in Taiwan." *Id.*

The Court declines to limit Meredith's testimony now without evidence of what he will testify about at trial, but it reminds the parties that a lay witness' testimony is "limited to those opinions or inferences which are (a) rationally based on the perception of the witness, and (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. *People v. Roten*, 2012 Guam 3 ¶ 26.

## III.  CONCLUSION

Based on the aforementioned reasons, the Court DENIES Meredith's Motion and GRANTS IN PART Wang's Motion.

SO ORDERED this 12th day of May 2020.

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

Appearing Attorneys:
Vanessa Williams, Esq., for David Meredith; Daniel J. Berman, Esq., for Yuchen Jessica Wang